### OAKEY & AL, vs. RUSSELL & AL.

The owner will recover for injury to his goods on board of the vessel, altho' they were re-

APPEAL from the court of the first district.

MATTHEWS, J. delivered the opinion of the court. This suit is brought to obtain indemni-

ty for damages, which the plaintiffs allege they have sustained in consequence of injury done to their merchandize, on board the vessel of the defendants, which occurred by the negligence or mismanagement of the master. The plaintiffs obtained judgment for $831 88 cts.; from which the defendants appealed.

Eastern Dis't
*May*, 1827

OAKEY & AL,
*vs.*
RUSSELL &AL

moved from
the quay, if
there is full
proof of their
having been
injured on
board.
Port Wardens are
judges of the
necessity of
selling damaged goods at
auction.

The facts of the case shew, that the goods or merchandise, concerning which the present dispute arises, were shipped on board the brig to be carried from New-York to New-Orleans, acknowledged to have been received in good order; that they were landed at the port of destination. and taken to the store-house of the plaintiffs by their clerk or agent; that on opening the boxes which contained them, they were discovered to be damaged; that a survey was had on them by the Port Wardens, who condemned them as being unmerchantable, and they were consequently sold at auction, in such manner as to cause a loss in comparison with sound goods of the same kind, to the amount adjudged to the appellees, according to an estimate made in relation to their value in New-Orleans, &c.

Against the correctness of the judgment of

East． n Dis't
Ma． .18.7.

Oakey & al,
v.
Ussell & al
the district court, the defendant's counsel contends on the following grounds:

1st. That as the goods were received by the agent of the plaintiffs and taken to the store, without any objection having been made to their condition; the owners of the vessel are exonerated from all liability in damages.

2d. That the proceedings of the Port Wardens having taken place, *ex parte*, cannot in any manner, affect the interest of the defendants.

3d. That the estimation of injury or damages was made on a value improperly assessed, viz: that of such goods, if sound at the port of destination, whereas, it should have been their value at the port *a quo*, or invoice prices, &c.

In support of the first ground of defence, we are referred to the cases of *Monro*, vs. *owners of the ship Baltic*, and *Urquhart*, vs. *Robinson*, reported in 1 *Martin*, 195 *and* 236. The principal points decided in these cases, relates to the admissibility of an invoice in evidence to prove a deficiency in the goods which were actually delivered, as compared with those stated in the invoice. The carriers were charged with direct embezzlement, at least gross negligence, in suffering some part of the goods

to be stolen. In such cases, clear and explicit testimony should be required to establish the fraud, or negligence so gross as to savour much of fraud.

In the case now under consideration, it was incumbent on the plaintiffs to shew that the damage of which they complain, happened to the merchandize whilst in the possession of the carriers, &c. This fact, we are of opinion, the evidence in the cause completely establishes, notwithstanding the removal of the goods from the quay, or levee, before they were inspected.

There does not appear to have been any thing irregular in the proceedings of the Port Wardens. They seem to be constituted by law the sole judges of the necessity which requires damaged goods to be sold by public auction. *See 2 Martin's Digest*, 404.

Notwithstanding the *obiter dicta* found in the opinion pronounced in the case of *Ames & al*, vs. *Reed*, reported in *Vol. 2, 236*, we believe that the injury or damage for which indemnity is claimed in the present case, was properly estimated, in reference to the value of sound goods, similar to those injured, in New-Orleans, the port of arrival.

OAKEY & AL,
vs
RUSSELL & AL

In the case cited, the judgment was **correct**, although there is probably error in part of what was said *by the way*, in coming to the conclusion on which it is based.

Whatever may be the rule with regard to insurers, carriers are bound to indemnify for losses on goods occasioned by their negligence, according to prices or value at the place where they may have contracted to deliver them.— *See the authorities referred to by the plaintiffs' Counsel; Pothier Ob. No. 59, & Sequentes; 8 Johnson, p. 215, 15 do. p. 28; Curia Phil. Tit. Danos, No. 39, Vol. 3, 247.*

It is therefore ordered, adjudged and decreed that the judgment of the district court be affirmed with costs.

*Smith* for the plaintiffs, *Morse* for the defendants.